1  Norris Avak
2  20600 Northridge Rd.,
   Chatsworth, CA 91311
3  Telephone: (323) 203-2826
   Email: ayinalephs@gmail.com
4
5  Plaintiff, Golden Ocean

```
         FILED      ____ LODGED
   ____  RECEIVED   ____ COPY

         JUN 1 4 2022

   CLERK U S DISTRICT COURT
      DISTRICT OF ARIZONA
   BY_____ DEPUTY
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Golden Ocean, | Case No.:  **CV22-01016-PHX-JJT** |
| Plaintiff, | **COMPLAINT** |
| vs. | **BREACH OF CONTRACT** |
| Hambicki's Truck & Container Sales, Inc., an Arizona corporation, | |
| Defendant. | |

For its Complaint, Plaintiff alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff is a CA company organized and existing in California and is a citizen of California.

2. Hambicki's Truck & Container Sales, Inc., is a corporation organized and existing under the laws of the state of Arizona.

---

**Complaint- Breach of Contract**

- 1 -

3. Hambicki's Truck & Container Sales, Inc., has identified with the Arizona Corporation Commission that its domestic address is 2630 West Broadway Road, Phoenix, AZ 85041. 4. Hambicki's Truck & Container Sales, Inc., filed a 2019 Annual Report with the Arizona Corporation Commission on May 28, 2019 representing its known place of business is 2630 West Broadway Road, Phoenix, AZ 85041.

5. Hambicki's Truck & Container Sales, Inc., has identified with the Arizona Corporation Commission on its 2019 Annual Report that is officers and directors are located at 2630 West Broadway Road, Phoenix, AZ 85041.

6. It is alleged on information and belief that Hambicki's Truck & Container Sales, Inc., principal place of business and 'nerve center' where its officers and directors direct, control, and coordinate the corporation's activities is located at 2630 West Broadway Road, Phoenix, AZ 85041.

7. Hambicki's Truck & Container Sales, Inc., is an Arizona corporation and is a citizen of Arizona.

8. This Court has jurisdiction over this matter by virtue of 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship amongst the parties and the amount in controversy exceeds $75,000.00.

9. Defendant caused acts to occur in Maricopa County, Arizona out of which the claims described herein arose.

10. This court has jurisdiction over this action and venue is proper before this court because Hambicki's Truck & Container Sales, Inc. maintains its principal place of business within Maricopa County and, upon informaiton and belif, its 'nerve center' where its officers and directors direct, control, and coordinate the corporation's activities is in Maricopa County, Arizona, and Hambicki's Truck & Container Sales, Inc. is a corporation organized and existing in the State of Arizona.

11. This court has jurisdiction over this action and venue is proper before this court as Hambicki's Truck & Container Sales, Inc. maintains its principal place of business within Maricopa County, Arizona and is a citizen of Arizona.

12. The contract upon which this Complaint is based was entered into in Maricopa County, Arizona, or was to be performed in Maricopa County, Arizona.

13. A jury trial is requested.

14. In the event judgment by default is rendered in Plaintiff's favor, Plaintiff shall seek an award of attorneys' fees of, and the reasonable attorneys' fees shall be, $8,250.00.

///

**Complaint- Breach of Contract**

-2-

## COUNT ONE – BREACH OF CONTRACT

15. Defendant Hambicki's Truck & Container Sales, Inc. ("Defendant") entered into an agreement with Plaintiff, express or implied, whereby Defendant offered to Plaintiff and Plaintiff accepted a purchase of 45 (forty-five) Containers manufactured by Defendant, for the total price of $183,000.00 (One hundred eighty-three Thousand). Plaintiff submitted the payment in full for the invoice issued by Defendant and expected the performance under the agreement.

16. Plaintiff issued full payment to Defendant at Defendant's request.

17. It is alleged upon information and belief, that at no time during the course of communications and payment to Defendant did Defendant object to, complain, or otherwise reject the agreement and promise to perform.

18. As part of the parties' Agreement, Defendant agreed to supply various types of containers on a weekly basis (seven containers per week) until all containers are supplied.

19. Initially, Defendant kept communication with Plaintiff and promised performance in a month alleging various business issues and excuses.

20. Plaintiff submitted multiple demands for performance and/or reimbursement of the money received by Defendant.

21. Despite all the demands made by Plaintiff, Defendant refused to perform and stopped all kinds of communication and refused to talk to Plaintiff.

22. Plaintiff is authorized to pursue this action.

23. Defendant has failed to perform under the agreement and is still due and owing the balance of $183,000.00, plus interest accruing at the rate of statutory interest at the rate of 6.5% per annum until paid in full, together with all other amounts due.

24. In a reasonable reliance on Defendant's performance, Plaintiff has entered into two separate lease agreements for the facilities where the containers to be stored upon promised delivery. The total amount of such contracts under which Plaintiff is liable now is $518,480.00. The amounts due are supported by an Affidavit of Claim. Affidavit of Claim is attached hereto as Exhibit 1 and incorporated herein by this reference.

25. Defendant breached its express or implied agreement with Plaintiff.

26. Plaintiff has suffered damages.

27. Plaintiff has made demand upon the Defendant for such sums due and owing which sums Defendant has failed and refused to pay or perform under the agreement.

28. Plaintiff paid for the product offered by Defendant under an agreement that Plaintiff would receive goods (various types of containers) with the reasonable expectation of such performance; and Plaintiff did not pay money to Defendant gratuitously.

29. All conditions precedent to Defendant's liability have occurred.

30. This action arises out of a contract, either express or implied, and Plaintiff is entitled to recover its reasonable attorneys' fees incurred herein pursuant to A.R.S. § 12-341.01.

## COUNT TWO – UNJUST ENRICHMENT

31. Plaintiff adopts the allegations of all preceding paragraphs.

32. Plaintiff paid the contract price to Defendant as good and valuable consideration for Defendant's promises to supply Plaintiff with various types of containers according to the terms of their agreements.

33. Defendant has failed and refused to deliver the goods to Plaintiff, according to the terms of the parties' agreements. Defendant has thus received benefits and has been enriched at the expense of Plaintiff.

34. Under the circumstances, it would be unjust to permit Defendant to retain the benefits received without delivering goods for those benefits.

35. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff has suffered damages, as set forth above.

36. At the time Plaintiff provided funds in payment for goods to Defendant, Plaintiff expected that Defendant would perform and deliver the containers to Plaintiff, according to the terms of the parties agreements.

37. At the time Plaintiff provided funds in payment for goods to Defendant and as consideration for such payments rendered, Defendant expected to provide and deliver the goods to Plaintiff, according to the terms of the parties' agreements.

38. Plaintiff demanded that Defendant deliver the ordered and paid for containers/goods or pay the amounts paid to them back to Plainitff, according to the terms and conditions of their agreements, but Defendant has failed and refused to either provide containers or pay money back.

39. As a direct and proximate result of Defendant's refusal to pay, Plaintiff has suffered damages as set forth herein.

---

**Complaint- Breach of Contract**

40. Defendant expressly promised Plaintiff that if Plaintiff would provide payments for goods, Defendant would deliver according to the terms stated in the Agreement or reimburse the money back.
41. Defendant's promises were clear, definite and unequivocal and were specifically made to induce Plaintiff to issue payments, in accordance with the terms of their Agreement, for Defendant's benefit.
42. In reasonable reliance on Defendant's promises, and to its substantial detriment, Plaintiff provided payment pursuant to the terms of their Agreement.
43. At the time of making the promises and inducing Plaintiff to provide payment, Defendant could reasonably foresee that failure to deliver goods or pay back the money received for the containers would cause damages.
44. Defendant breached those promises.
45. As a direct and proximate result of Defendant's breach of promises, Plaintiff has suffered damages as set forth above.
46. Under the circumstances, Defendant's promises to pay according to the terms of the Agreement must be enforced to prevent injustice.

## COUNT THREE – ACCOUNT STATED

47. Plaintiff adopts the allegations of all preceding paragraphs.
48. There was running or concurrent open account between the parties which was kept unclosed with the expectation of further transactions.
49. Defendant expressly or impliedly promised to perform or pay money back.

**WHEREFORE,** Plaintiff requests this Court to enter judgment in its favor and against Defendants, jointly and severally, as follows:

A. For damages in an amount not less than the balance of $180,000.00, plus interest accruing at the rate of 6.5% until paid in full;
B. Pre-judgment interest from the date incurred to the date of judgment at the contract/legal rate plus post judgment interest in accordance with the terms of the contract;
C. For costs and reasonable attorneys' fees and for post-judgment costs and attorneys' fees in the event collection is necessary;

**Complaint- Breach of Contract**

-5-

D. For attorneys' fees in the event of default in an amount no greater than $8,250.00; and

E. For such other further relief as the Court deems just and proper.

Dated this 30th day of May, 2022.

_____
Norris Avak
President of Plaintiff, Golden Ocean

**Complaint- Breach of Contract**